IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Robbie Lynn Newby,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:24cv225 (RDA/WBP) |
| ) | |
| **David Leu,** ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Petitioner Robbie Lynn Newby's ("Petitioner" or "Newby") motion for discovery (Dkt. 26); Respondent David Leu's ("Respondent") motion for summary judgment (Dkt. 23); and Newby's motion for leave to file response to Respondent's opposition (Dkt. 33). This matter has been fully briefed and is now ripe for disposition. This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). Considering the motions together with the memoranda in support, the parties' oppositions, and the parties' replies, it is hereby ORDERED that Petitioner's motion for discovery is DENIED; Defendant's motion for summary judgment is GRANTED; and Petitioner's motion for leave to file response is DENIED AS MOOT[1] for the reasons that follow.

---

[1] The motion for leave will be denied as moot, as Petitioner's response is deemed timely filed, and the Court has considered it in resolving the motion for summary judgment.

I. BACKGROUND

A. Procedural Background

On February 14, 2024, Newby, a federal inmate proceeding *pro se*, filed his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Dkt. 1. Newby was convicted of violating 18 U.S.C. § 2251(a) and (e), Sexual Exploitation of Children, and is challenging the Federal Bureau of Prisons' ("BOP") computation of the 360-month term of imprisonment imposed in 2014 by the U.S. District Court for the Eastern District of Texas ("Eastern District of Texas"). *United States v. Robbie Newby*, No. 6:13cr35 (E. D. Tex. Apr. 25, 2014), (Dkt. 41). Newby, alleges that the BOP "fail[ed] to credit [his 360-month sentence] for jail time" he served while in the custody of the Texas Department of Criminal Justice ("TDCJ") from "April 02, 2014 to July 06, 2015." Dkt. 1 at 2.

On April 30, 2024, the Court denied Newby's application to proceed *in forma pauperis* and dismissed the petition without prejudice, permitting Newby to submit the full filing fee within thirty days to reopen the petition. Dkt. 11. Newby paid the filing fee on May 8, 2024, Dkt. 12, and filed a motion to re-open the case on June 10, 2024, Dkt. 13.

On June 19, 2024, the Court vacated its April 30, 2024 Order and returned Newby's petition to the active docket, giving Respondent sixty days to show cause why the writ should not be granted. Dkt. 19. On August 16, 2024, Newby filed a motion for discovery. Dkt. 26. Respondent filed a motion for summary judgment on August 19, 2024, and an opposition to Newby's motion for discovery on August 21, 2024. Dkts. 23; 24; 27. Newby filed a response to Respondent's motion for summary judgment on September 16, 2024, Dkt. 30, after receiving an extension of time to do so, Dkt. 29. Respondent filed a reply in support of the motion for summary judgment on September 23, 2024. Dkt. 32. Thereafter, on September 26, 2024, Newby filed a motion for

2

leave to file an additional response. Dkt. 33. On October 22, 2024, Newby filed a supplement to clarify an issue. Dkt. 24.B.  Statement of Undisputed Facts[2]

Before analyzing the Motions at issue, the Court must first determine the undisputed summary judgment record, as summary judgment is only appropriate where there are no genuine disputes of material fact. Fed. R. Civ. P. Rule 56. The undisputed facts are as follows.

On April 23, 2004, Newby was sentenced to a ten-year term of imprisonment for Possession of Marijuana, Use and Exhibit Deadly Weapon in Wood County, TX, Case No. 17,591-2003. Dkt. 24-2 at 30.[3] On May 18, 2010, TDCJ released Newby on parole to continue service of his sentence in the community under supervision. *Id.* at 5. On June 19, 2012, Texas authorities arrested Newby in Anderson County, Texas, and charged him with Aggravated Sexual Assault of a Child in Anderson County Circuit Court, Case No. 31073, and he was held without bond. *Id.* at 7. A parole violation warrant was issued on June 20, 2012, and served on Newby on June 21, 2012. *Id*. at 7, 10, 36.[4]

---

[2] Newby filed objections to Respondent's statement of facts, which will be addressed in footnotes because the objections are to matters that are not relevant to the resolution of the motion for summary judgment.

[3] Newby appealed his conviction to the Court of Appeals of Texas, which affirmed his conviction finding that the evidence was "factually and legally sufficient to support the jury's finding that Newby used or exhibited a deadly weapon during the commission of the charged offense." *Newby v. State*, 169 S.W.3d 413, 416 (Tex. App.—Texarkana 2005), *pet. refused*, *In re Newby*, No. PD-1990-06, 2007 Tex. Crim. App. LEXIS 1071 (Aug. 22, 2007). Newby does not address or acknowledge this ruling, which negates his assertion that TDCJ's custody of Newby from April 2, 2014 through his release to the BOP on July 6, 2015, was "unlawful." *See, infra* at n.6, and 12-16.

[4] Newby objected to portions of Respondent's discussion of his arrest on June 19, 2012, Dkt. 30 at 12-13, but he does not dispute that he was arrested. Instead, he objects to Respondent's assertion that he had "violated the terms of his parole." *Id.* at 13, 14. It is undisputed, however, that the arrest report indicates that, in addition to the criminal charge, "[an]other agency" had placed a hold on Newby for "violation of parole." Dkt. 24-2 at 7. It is also undisputed that the

3

Over nine months later, on April 17, 2013, Newby was indicted in the Eastern District of Texas on charges of Sexual Exploitation of Children and Possession of Material Involving the Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a) and (e). The offenses were alleged to have occurred between January 2012 to June 2012. *Id.* at 13. On April 22, 2013, the United States obtained a Petition for Writ of Habeas Corpus *ad Prosequendum* ("WHCAP"), and obtained custody of Newby from the primary custody of the Anderson County Jail in Palestine, Texas. *Id.* at 13, 19-20. On April 24, 2013, the United States Marshals Service ("USMS") took Newby into temporary custody via the WHCAP. *Id.* at 22. Newby's initial appearance in his federal criminal case was on April 29, 2013. *Id.* at 14. Following his initial appearance, Newby was remanded to the custody of the USMS. *Id.* at 14, 22.[5]

On January 9, 2014, Newby pleaded guilty to one count of Sexual Exploitation of Children in the Eastern District of Texas, Case No. 6:13-CR-35. *Id.* at 15.[6] On April 23, 2014, the Eastern

---

violation of parole warrant was served on Newby on June 21, 2012, *id.* at 10, and that Newby's parole was not revoked until May 20, 2014, *id.* at 37.

[5] Newby's flawed arguments and objections are due, in part, to his misunderstanding of the concept of "primary jurisdiction" in instances when the state is the first in time to arrest a defendant, and the effect of a WHCAP.

> The concept of primary jurisdiction refers to "the priority of service regarding a defendant's contemporaneous obligations to multiple sovereigns, whereby a defendant will fulfill his obligations to the sovereign with primary jurisdiction over him before any others." [Texas] obtained primary jurisdiction over [Newby] as the first arresting sovereign and retained legal custody at all relevant times. [Newby] was delivered to federal authorities for the purpose of answering to the federal charge pursuant to a writ of habeas corpus ad prosequendum. Such writs have no effect on jurisdictional priority.

*Trowell v. Beeler*, 135 F. App'x 590, 594 (4th Cir. 2005) (citations omitted).

[6] On January 10, 2014, while Newby was still in the temporary custody of the USMS, the Anderson County, Texas Circuit Court dismissed the Aggravated Sexual Assault of a Child charge, Case No. 31073. *Id.* at 26. In the federal § 2255 habeas, the Eastern District of Texas discussed the federal plea agreement observing that the guilty plea in federal court would result in the

4

District of Texas sentenced Newby to a 360-month term of imprisonment for Sexual Exploitation of Children. *Id.* at 29-34. The sentencing order stated that the sentence would "run consecutively to any future parole revocation for the offense of Possession of Marijuana, Use and Exhibit Deadly Weapon/Case No. 17,591-2003, 402nd District Court; Wood County, TX." *Id.* at 30.

The USMS returned Newby to the primary custody of Texas state officials on May 12, 2014. *Id.* at 10; 23 (Section IV. Chronological Prisoner History, "Release Date 05/12/2024," "Action or Disposition: WHCAP Anderson County Jail, Palestine Texas").

On May 20, 2014, the Texas Board of Pardons and Paroles revoked Newby's parole in the Wood County Possession of Marijuana, Use and Exhibit Deadly Weapon case, Case No. 17,591-2003. *Id.* at 36-37. The hearing on that date was pursuant to the charges in the June 20, 2012 warrant that was executed on June 21, 2012. *Id.* at 36. Newby, after being held in local jails, was returned to TDCJ custody on June 20, 2014. *Id.* at 5, 23. The USMS filed a detainer with TDCJ, which TDCJ acknowledged on August 6, 2014. *Id.* at 42, 45. On July 1, 2015, TDCJ sent an email to the USMS informing the USMS that Newby was scheduled to be released to the USMS's detainer on July 6, 2015. *Id.* at 44.[7] On July 6, 2015, Newby was paroled from TDCJ and

---

dismissal of the state charges, where Newby "faced a 67-count state indictment" which exposed "him to multiple convictions that carried a potential sentence of five to 99 years' imprisonment each." *Newby v. United States*, 2018 U.S. Dist. LEXIS 12035, *20-21 (E.D. Tex. Jan. 24, 2018). The court noted that the "State agreed to forgo state charges in lieu of Newby's guilty plea for thirty years' imprisonment. As a result, Newby was sentenced to thirty years' imprisonment, rather than the 'thousands of years' [Newby] noted that he faced absent the federal plea agreement." *Id.* at *22.

[7] "A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law. 'Unlike a writ of habeas corpus ad prosequendum issued by a federal district court . . . a detainer merely puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison.'" *Thomas v. Whalen*, 962 F.2d 358, 360-61 (4th Cir. 1992) (quoting *United States v. Mauro*, 436 U.S. 340, 358 (1978) (footnote omitted); *accord United States v. Bamman*, 737 F.2d 413, 415 (4th Cir. 1984)) (other citation omitted).

5

transferred directly to the exclusive custody of federal authorities for service of his federal sentence. *Id.* at 23, 40-45.

In accordance with BOP Program Statement 5880.28,[8] *see* Sentence Computation Manual (CCCA of 1984), and 18 U.S.C. § 3585(a), the BOP determined Newby commenced serving his 360-month federal sentence on July 6, 2015, the date that he was paroled from his state sentence and arrived in exclusive federal custody. Dkt. 24-2 at 47-52; 54-56. BOP granted Newby prior custody credit toward his federal sentence for a period of two days, June 19-20, 2012. *Id.* at 55. Newby is scheduled to be released from his federal sentence on April 30, 2041.[9]

Pursuant to 18 U.S.C. § 3585(a), and BOP Program Statement 5880.28, the earliest possible date a federal sentence can commence is the date on which it is imposed. Dkt. 24-2 at 47. In Newby's case, because he was not in exclusive federal custody at the time of his federal sentencing, his federal sentence ran consecutive to his Texas state sentence, and did not commence until July 6, 2015, the date he came into exclusive[10] federal custody for service of his sentence. *Id.* at 1-12.

---

[8] *See* https://www.bop.gov/policy/progstat/5880_028.pdf.

[9] The projected release date assumes no change in his projected good time credits. *Id.* at 55.

[10] Petitioner disputes that he did not come into "exclusive" federal custody until July 6, 2015. Dkt. 30 at 16. The record, however, establishes that July 6, 2015, is in fact when he came into exclusive federal custody because during the period of April 24, 2013 through May 12, 2014, Newby's federal custody was pursuant to a WHCAP, which does not affect primary jurisdiction. Newby's objection ignores the WHCAP, the statutes that mandate when a federal sentence commences, and that time credited to another sentence cannot be credited against a federal sentence. *See, infra* at 17-19. Newby pursued a similar argument in a previously filed § 2254 federal habeas petition, dated October 4, 2014, in the Eastern District of Texas against TDCJ, *Newby v. Director, TDCJ-CID*, No. Case 6:14cv800 ("*Newby II*"), in which he claimed he should be "immediate[ly] released from TDJC." (Dkt. 1 at 7). Newby claimed he "was sentenced to Ten years," that he "was sentenced in state court on April 4, 2010, to ten (10) years in TDCJ," he had "served more than ten years in TDCJ," which he based on his having served "eight years and six months flat time . . . and twenty-five months in TDCJ custody on parole." *Id.*; *see Colonial Perm Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of

Prior custody credit is governed by Title 18 U.S.C. § 3585(b), as referenced in BOP Program Statement 5880.28, and provides, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences — (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." Dkt. 24-2 at 49.[11] TDCJ records indicate that Newby's Texas state parole revocation sentence was credited with time Newby spent in custody from June 21, 2012, through July 6, 2015. *Id.* at 5 ("Returned to TDCJ custody on 6-20-2014 from Gregg County in violation of parole, with jail credit allowed from 6-21-2012. Paroled to federal hold on 7-6-2015, with maximum discharge date of 5-6-2016."). The BOP credited Newby's federal sentence for the period of June 19, 2012, the date he was arrested by Texas authorities, through June 20, 2012, because that time was not applied as credit towards any other sentence. *Id.* at 55.

---

ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online). He argued in an accompanying memorandum that he had been denied credit for the 25 months he was out on parole, which extended "his discharge date." *Id.* at 12. The Eastern District of Texas adopted the report and recommendation of the magistrate and dismissed the habeas petition without prejudice because Newby had failed to exhaust his state remedies. (Dkts. 15, 19, 20). On appeal, the Fifth Circuit noted his claim—that "his 28 U.S.C. § 2254 petition challenging (1) the manner in which his 10-year sentence for possession of marijuana has been credited with time served and (2) the authority of the Texas Board of Pardons and Paroles to revoke his parole after the expiration date of his sentence"—and denied his motion for a certificate of appealability. (Dkt. 37). In short, the determination in Texas that it had jurisdiction to revoke his parole was not vacated, and Newby never appealed or otherwise challenged the denial of the credit for the twenty-five months he was on parole. It is not clear from the current record if there is any continuing custody to support a § 2254 or § 2241 petition against TDCJ.

[11] BOP Program Statement 5880.28, further provides "If the federal sentence is silent, or ordered to run consecutively to the non-existent term of imprisonment, then the federal sentence shall not be placed into operation until the US. Marshals' Service of the Bureau of Prisons gains exclusive custody of the prisoner." Dkt. 24-2 at 51.

7

Per BOP Program Statement 5880.28, "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provision of the writ for secondary custody." *Id.* at 50. Newby was arrested on June 19, 2012, and was therefore in the primary custodial authority of Texas, and Texas did not relinquish its primary custody until July 6, 2015, when Texas paroled Newby from Case Number 17,591-2003. Under BOP Program Statement 5880.28 and 18 U.S.C. § 3585(b), which precludes the application of prior custody credit for time spent serving another sentence, the BOP could not credit Newby's federal sentence with any portion of time previously credited to his Texas state sentence. *Id.* at 49.

### III. Legal Standard

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The party seeking summary judgment has the initial burden to show the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The facts shall be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. "(A) party opposing summary judgment may not simply rest on the allegations of his complaint but must instead come forward with specific evidence showing the existence of a genuine issue of fact." *Muhammad v. Giant Food*, 108 F. App'x 757, 764 (4th Cir. 2004) (citing *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991)).

IV. Analysis

In the instant case, the parties have discussed exhaustion at length and the reasons this matter should be dismissed for failure to exhaust; or that the non-exhaustion should be excused. For purposes of the motion for summary judgment, however, the Court will assume that Newby has exhausted his remedies. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Swisher v. True*, 325 F.3d 225, 232-33 (4th Cir. 2003) (affirming district court's decision to deny habeas relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted").

The Court will first address Newby's motion for discovery before turning to Respondent's motion for summary judgment.

A. Motion for Discovery

As an initial matter, Plaintiff's Motion for Discovery will be denied. Petitioner seeks discovery for documents he alleges are related to the exhaustion defense raised by Respondent. However, "the broad discovery provisions of the Federal Rules of Civil Procedure d[o] not apply in habeas proceedings," *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), and a "[p]etitioner bears the burden to show good cause and must present specific allegations that give the Court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Fenn v. United States*, 2015 WL 3868583, at *2 (E.D. Va. June 23, 2015) (quotation omitted). Newby's motion for discovery will be denied because, as previously stated, the Court will assume he has exhausted his remedies for purposes of the motion for summary judgment.[12]

---

[12] In addition, Respondent's memorandum in support included numerous documents (including documents related to Newby's revocation of parole and to his subsequent release to

Moreover, Respondent correctly argues that Newby does not have a meritorious claim, which is a predicate to discovery. *See, e.g.*, *Civix-DDI, LLC v. Metro. Reg'l Info. Sys., Inc.*, 273 F.R.D. 651, 652 (E.D. Va. 2011); *see also Wilcox v. Davis*, 2023 WL 5532798, at *1 n.3 (E.D. Va. Aug. 28, 2023), *aff'd*, 2024 WL 773584 (4th Cir. Feb. 26, 2024) ("[D]iscovery does not begin until this Court issues an order opening discovery after a ruling on a motion to dismiss."). Newby is attempting to challenge the revocation of his parole by Texas, and then (if successful) have the excess time he spent in Texas custody credited to his federal sentence. As explained further herein, both of Newby's claims fail on the merits.

## II.     Motion for Summary Judgment

Respondent moves for summary judgment, requesting that the Court deny Newby's § 2241 petition, which raises two claims:

1) "Persons acting on behalf of the state of Texas took custody of Petitioner after April 02, 2014, absent lawful authority to do so, in violation of 5th & 14th Amendment rights to be free from captivity, absent due process of law. Petitioner wasn't subject to Texas jurisdiction, after April 02, 2014. So their detention of him until July 5, 2015, was kidnapping." Dkt. 1 at 6.

2) The BOP refuses to credit Petitioner with jail time served while under indictment for the offense he is currently incarcerated for. Petitioner was

---

federal authorities). Newby's September 3, 2024 motion for an extension of time to respond to Respondent's motion for summary judgment did not state that he needed additional documents to respond. Dkts. 28, 31. Newby was able to file a 25-page response to the motion for summary judgment, with a 7-page attachment, as well as 3-page response to Respondent's reply. Dkt. 30. Further, on September 26, 2024, Newby filed a second response in opposition to the motion for summary judgment, which was accompanied by a motion for leave to file. Dkt. 33. The only document that Newby insists that he needs in his September 26, 2024, 24-page response, is a "3 July 2014 document," *id.* at 8, 18, 20, which is irrelevant to the computation of his federal sentence. Moreover, the document that Newby seeks is in the control and custody of TDCJ, a non-party to the case that is not the federal government, and such a discovery request must be filed under Federal Rule of Civil Procedure 45. *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D. N.Y. 2001) ("Any interrogatories or requests for production of documents served on non-parties are a nullity. Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45, not the rules governing discovery of parties.").

10

>serving a state sentence when he was indicted for the instant offense. The state sentence expired April 02, 2014, but BOP failed to begin credit then." *Id.* at 7.[13]

Dkt. 1 at 6-7. As relief, Newby seeks an order directing the BOP to credit the time he spent in the custody of TDCJ from April 2, 2014 through July 6, 2015 against his federal sentence. *Id.* at 8.

Upon review of the record, the Court has determined that Newby's claims—primarily that the BOP should credit his federal sentence with the time from April 3, 2014 through July 6, 2015 because his state sentence "expired" on April 3, 2014—have no merit.

A federal prisoner may challenge the BOP's calculation of the duration of a sentence by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Fontanez v. O'Brien*, 807 F.3d 84, 86-87 (4th Cir. 2015). To obtain habeas relief, a petitioner must show that he is being detained in federal custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). After a federal district court imposes a sentence on a federal offender, the Attorney General, through the BOP, has the responsibility to administer the offender's sentence. 18 U.S.C. § 3621(a); 28 C.F.R. § 0.96; *Wilson*, 503 U.S. at 335. By statute, when calculating a sentence, the BOP must follow the mandate of 18 U.S.C. § 3585(b) which provides that:

>A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

---

[13] A district "court must consider claims as they are presented in the petition, reviewing them under the applicable standard" and it is "the district court's duty to consider only the specific claims raised in a § 2254 petition." *See Folkes v. Nelsen*, 34 F.4th 258, 269 (4th Cir. 2022) (citations omitted); *Frey v. Schuetzle*, 78 F.3d 359, 360–61 (8th Cir. 1996) ("[D]istrict courts must be careful to adjudicate only those claims upon which the petitioner seeks relief and take care not to decide claims upon which the habeas petitioner never intended to seek relief.").

11

(emphasis added). Pursuant to statute, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Thus, where sentences are not ordered to run concurrently and where they are ordered to run consecutively, a federal inmate cannot receive time credit for a prior sentence as "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337; *see United v. Goulden*, No. 94–5389, 1995 WL 298086, at *2 n.3 (4th Cir. 1995) ("Credit is only available for time spent in custody which has not been credited against another sentence.").

> At Newby's sentencing, the Eastern District of Texas ordered that his sentence would:
>
> run consecutively to any future parole revocation for the offense of Possession of Marijuana, Use and Exhibit Deadly Weapon/ Case No. 17,591-2003, 402nd District Court; Wood County, TX. Court notes that the Defendant arrested on 6.19.12 and writted into Federal custody on 4.29.13.

Dkt. 24-2 at 30. Both of Newby's claims are without merit because the time Newby spent in Texas custody from April 2, 2014 to July 6, 2015 was lawful, and Newby's federal custody before July 6, 2015, was pursuant to a WHCAP, which has no effect on jurisdictional priority. Moreover, the record and the relevant documents of related proceedings establish that Newby was not entitled to credit against his state sentence for his time out on parole because of the firearm enhancement attached to his Marijuana conviction.

### A. Claim 1

Newby's first claim in his petition is that the "state of Texas took custody of Petitioner after April 02, 2014, absent lawful authority to do so. Petitioner wasn't subject to Texas jurisdiction, after April 02, 2014. So [according to Newby, the state of Texas'] detention of him until July 5, 2015, was kidnapping." Dkt. 1 at 6.

Absent from both parties' briefs is any discussion of Texas law, and why Texas authorities did not credit Newby with what he calls "street time," which is the period he was on parole from May 18, 2010 through June 19, 2012, prior to being arrested by Texas authorities.[14] The record establishes, however, that Newby was not entitled to credit against his state sentence for the time he was on parole—a period of approximately 25 months. Consequently, Newby's 10-year state sentence for the Marijuana conviction, imposed in 2004, did not expire on April 2, 2014 as he alleges.

In 2004, Newby was convicted of possession of marijuana, which included a finding that he used a deadly weapon during the commission of the offense. Newby challenged the sufficiency of that finding on direct appeal:

> Robbie Lynn Newby appeals his conviction and sentence for possession of marihuana in an amount greater than four ounces, but less than five pounds. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (Vernon 2003). In a single point of error, Newby raises three issues: He challenges (1) the factual and

---

[14] To be sure, without any argument on briefing on this issue, the Court will decline to speculate or discuss the significance or appropriateness of these "credits". Also absent from the pleadings of both parties is what jurisdiction exists for the Court to determine the validity of the actions of TDCJ or the Texas Board of Pardons and Parole. The Court cannot determine from the pleadings and records whether there is any custody remaining under the ten-year sentence imposed on April 23, 2004, for "Possession of Marijuana, Use and Exhibit Deadly Weapon," Case No. 17,591-2003, 402nd District Court; Wood County, Texas. There is a notation on the Certificate of Parole that states if Newby satisfactorily completed his parole, the maximum "expiration date is May 6, 2016—but neither party has addressed what that means. Further, it appears that any challenge to the validity of Newby's custody by TDCJ should have been brought in federal district court in Texas, pursuant to § 2254. *See* Rule 2(e) of the Federal Habeas Rules ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."); *see also* Rule 1(b) of the Federal Habeas Rules ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Claim 1 challenges TDCJ's custody of Newby from April 2, 2014 through July 6, 2015 and he filed a § 2254 petition in 2014, but it was dismissed without prejudice on September 4, 2015, and Newby apparently did not pursue it any further. *See Newby v. Dir., Tex. Dep't of Crim. Justice-Corr. Insts. Div.*, No. 6:14cv800, 2015 U.S. Dist. LEXIS 119779 (E.D. Tex. July 24, 2015), *adopted by*, 2015 U.S. Dist. LEXIS 118929 (E.D. Tex., Sept. 4, 2015). This point is moot, however, because Claim 1 does not present a constitutional claim, but one that involves a matter of state law.

> (2) legal sufficiency of the evidence to support the finding that he used or exhibited a deadly weapon during the commission of his offense; and he contends the trial court erred by failing to make an oral finding that he had been twice previously, finally, and sequentially convicted of a felony offense.

*Newby*, 169 S.W.3d at 414. After summarizing the evidence, the Texas court held that the evidence was "factually and legally sufficient to support the jury's finding that Newby used or exhibited a deadly weapon during the commission of the charged offense." *Id.* at 416.[15] The significance of that finding was addressed during a § 2254 proceeding in the Eastern District of Texas.

On October 4, 2014, Newby filed a § 2254 petition in the Eastern District of Texas, and argued in his accompanying memorandum that he had been denied credit by the Director of the TDCJ for the 25 months he was out on parole, which extended "his discharge date." *See, supra* at note 10, *Newby II,* (Dkt. 1 at 12). Two weeks after he filed his state habeas, Newby submitted a "Time Dispute Resolution" form to the Classification and Records Section of TDCJ for the "764-days of street time" (May 18, 2010 through June 20, 2012). The Classification and Records Section denied his request and found he was not eligible for a time-credit due to the use of a deadly weapon finding when he was convicted. *See* Tex. Gov't Code Ann. § 508.283(b) (West 2002) ("If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed *without credit for the time from the date*

---

[15] In a previous § 2254 proceeding in the Eastern District of Texas filed in 2008, the district court adopted a R & R that had found the evidence was sufficient to sustain the finding that Newby used a firearm in connection with the possession of marijuana offence stating that "it is clear that a rational trier of fact could conclude, based on the evidence introduced at trial, that Newby 'used' the firearm in connection with his drug offense." *Newby v. Dir.*, TDCJ-CID, No. CIV A 6:08CV154, 2009 WL 1956288, at *6 (E.D. Tex. July 6, 2009). The district court overruled Newby's objection to this portion of the R & R, and his other objections, and then dismissed the petition. *Id.* at 1.

14

*of the person's release to the date of revocation.*") (emphasis added); *See, supra* at note 10, *Newby II,* (Dkt. 9 at 7; Dkt. 9-1).

The U.S. Magistrate Judge's Report and Recommendation ("R & R") stated that Newby's § 2254 petition claimed, "that the [TDCJ] Director ha[d] illegally extended his sentence" and that it was "*uncontested that Petitioner lost credit for the time he served on parole.*" *Newby v. Dir., Tex. Dep't of Crim. Justice-Corr. Insts. Div.*, No. 6:14cv800, 2015 U.S. Dist. LEXIS 119779, *1-2 (E.D. Tex. July 24, 2015) (*Newby III*), *adopted by*, 2015 U.S. Dist. LEXIS 118929 (E.D. Tex. Sept. 4, 2015) (emphasis added). The R & R found that Newby had

> forfeited "2 yrs., 1 mo. 3 days" of street time because of the deadly-weapon finding. *See id*. Petitioner filed an application for a state writ of habeas corpus on June 30, 2014. *See* SHCR-05 at 19. Approximately two weeks later, on July 10, 2014, he filed a Time Dispute Resolution (TDR) form with the Texas Department of Criminal Justice (TDCJ) complaining about the loss of street-time credit. *See* Director's Exhibit A.
>
> The Texas Court of Criminal Appeals dismissed the application [for a writ of habeas corpus] on September 10, 2014 citing "TEX. GOV'T CODE § 501.0081(b)-(c)."[16] *See* SHCR-05 (Action Taken). TDCJ returned Petitioner's TDR on September 26, 2014 advising him that he had lost 764 days of street time because of the deadly-weapon findings. *See* Director's Exhibit A. Petitioner then filed an

---

[16] Texas Code § 501.0081, entitled "Dispute Resolution: Time-Served Credits," is an exhaustion statute, the relevant portion of which required Newby to file the TDR before he filed his state habeas.

> (b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
> > (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
> >
> > (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.

Tex. Gov't Code § 501.0081. Newby sought to have his failure to exhaust excused by claiming he was within "180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge." *Id.* at § 501.0081(c). The R & R found that this exemption from exhaustion did not apply because Newby had "lost 764 days of street time; therefore, it is not possible that he met the exception." *Newby III,* 2015 U.S. Dist. LEXIS 119779, *4.

15

application for a state writ of habeas corpus on October 4, 2014. *See* Fed. Pet. at 10.

*Newby III,* 2015 U.S. Dist. LEXIS 119779, *3-4. The R & R went on to explain that Newby had not followed the procedures Texas established for exhaustion, that his claim was unexhausted, and that "the Texas state courts ha[d] not had the opportunity to consider and rule on the merits of the Petitioner's grounds for relief." *Id.* at *6. In short, Newby had the opportunity to challenge TDCJ's computation of his state sentence and chose not to pursue that opportunity. Instead, eight years later, after he apparently satisfied his sentence for possession of marijuana, he filed a § 2241 petition challenging the computation of his federal (not state) sentence. Dkt. 1 at ¶¶ 4, 5.

Ultimately, the validity of the computation of Newby's state sentence by TDCJ is a matter of state law. *See, e.g.*, *Rashid v. Quintana*, 372 F. App'x 260, 263 n.2 (3d Cir. 2010) ("[habeas petitioner's] suggestion that the BOP failed to follow the order of the state sentencing court lacks merit because the BOP is not authorized to compute state sentences"); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state . . . crediting statutes is a matter of state concern only."). The Eighth Circuit rejected the proposition that underpins Newby's argument, finding that the interpretation of a state crediting statute is a matter of state law and thus not a basis for federal habeas relief.

> Because "application of presentence jail time to a subsequent sentence is legislative grace and not a constitutional guarantee," *Patino v. South Dakota*, 851 F.2d 1118, 1120 (8th Cir. 1988) (per curiam) (citation omitted), the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction. *See, e.g., Harkins v. Wyrick*, 589 F.2d 387, 391 (8th Cir. 1979) (interpretation of state crediting statute not proper function of federal habeas court).

*Travis v. A.L. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991). At best, assuming Claim 1 is properly before the Court, the alleged error by TDCJ in crediting Newby's sentence with his street time involves a matter of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991*)* ("it is not the province

16

of a federal habeas court to reexamine state-court determinations on state-law questions."). Claim 1 will therefore be dismissed on that basis.

### B. Claim 2

Newby's second claim states that "BOP refuses to credit Petitioner with jail time served while under indictment for the offense for which he is currently incarcerated. Petitioner was serving a state sentence when he was indicted for the instant offense. The state sentence expired April 02, 2014, but BOP failed to begin credit then." Dkt. 1 at 7.

The commencement of a federal sentence and whether time spent on another sentence can be credited to a term of imprisonment are expressly controlled by statute. "A federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence." *United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998) (citing 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody"). However,

> [a] federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.
>
> This rule derives from the fact that the federal writ of habeas corpus *ad prosequendum* merely loans the prisoner to federal authorities. . . . Principles of comity require that when the writ of habeas corpus *ad prosequendum* is satisfied, the receiving sovereign return the prisoner to the sending sovereign.

*Evans*, 159 F.3d at 912 (citing *Thomas*, 962 F.2d at 361 n.3; *Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991); *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)).

Here, the Eastern District of Texas obtained custody of Newby from the state of Texas on April 24, 2013 via a WHCAP and Newby was not returned to state custody until May 12, 2014. During that time, the state of Texas retained primary jurisdiction over Newby and his federal

17

custody did not commence until Texas relinquished custody to federal authorities upon Newby's satisfaction of the state obligation. The time that Newby seeks to have credited against his federal sentence (April 2, 2014 through July 6, 2015) was time that he was in the physical custody of TDCJ, which TDCJ credited against Newby's Texas state sentence. Further, the final sentence of § 3585(b) makes clear that credit is due for the specified periods only if that time "has not been credited against another sentence." *See Wilson*, 503 U.S. at 333 (in enacting § 3585(b) "Congress made it clear that a defendant could not receive a double credit for his detention time.").[17] As noted above, the Texas authorities determined under state law that Newby was not entitled to his "street time" because of the weapons finding made by the jury at his trial.[18] Thus, the fact that Petitioner was facing federal criminal proceedings during the term of his state criminal sentence and even in federal custody during that period is of no moment with regard to the BOP's computation of his federal sentence.[19] Petitioner's time spent in custody prior to July 6, 2015 was credited for a state

---

[17] *See Rios v. Wiley*, 201 F.3d 257, 272 (3rd Cir. 2000) (a prisoner is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus *ad prosequendum*, when the time period was credited against his state sentence, because he already had been sentenced on the state offense and was serving that sentence during the relevant time period) (citing 18 U.S.C. § 354(b) and collecting cases); *see also Bailey v. Nash*, 134 F. App'x 503, 507 (3d Cir. 2005) ("Because the entire period between [petitioner]'s arrest and the date his federal sentence commenced was spent in service of his state parole violator term, the BOP could not credit [petitioner]'s federal sentence with any of that time.").

[18] To the extent that Newby disagrees with the determination of his state sentence by TDCJ and any ensuing confinement in Texas state prison, those complaints can only be directed to TDCJ, not BOP. *See Howard*, 76 F. App'x at 53 ("A state court's alleged misinterpretation of state . . . crediting statutes is a matter of state concern only."); *Alward v. Warden, LSCI-Allenwood*, 2024 WL 3362288, at *2 (M.D. Pa. July 9, 2024) ("The BOP generally determines the date upon which a federal sentence commences. . . . The calculation of jail time credits for a state law conviction is a matter of state law.").

[19] To the extent that Newby's Petition could be construed as raising an argument that BOP should make a *nunc pro tunc* designation of Newby's state facility of incarceration, *see* 18 U.S.C. 36121(b), a *nunc pro tunc* designation would not be appropriate because Newby's federal sentence was ordered to run consecutive to his state sentence, not concurrently. *See Rabb v. Wilson*, 2015

sentence, and he cannot, by statute, be awarded double credit to his federal sentence for that time. Claim 2 will therefore be dismissed.

## V. Conclusion

Accordingly, for the foregoing reasons, Respondent's motion to dismiss, Dkt. 23, is granted; Plaintiff's motion for discovery, Dkt. 26, is denied; and Plaintiff's motion for leave to file, Dkt. 33, is denied as moot. The petition will be dismissed with prejudice, and an appropriate Order and judgment shall issue.

Entered this 27th day of February, 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

WL 731475, at *5 (E.D. Va. Feb. 19, 2015) ("If a federal sentencing judge, exercising his or her lawful discretion under § 3584(a), explicitly mandates that an inmate's federal sentence should run consecutively to any other imposed sentences—state or federal—the BOP does not have the authority to designate that federal sentence as *nunc pro tunc* concurrent to a state sentence.").